# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY WORMACK, on behalf of herself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FINANCIAL RECOVERY SERVICES, INC.; and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, STACY WORMACK, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, FINANCIAL RECOVERY SERVICES, INC. ("FINANCIAL RECOVERY"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Philadelphia, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. FINANCIAL RECOVERY has a business location at 4510 W. 77th Street, Suite 200, Edina, Minnesota 55435.

7. Upon information and belief, Defendant FINANCIAL RECOVERY is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

8. FINANCIAL RECOVERY is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

**FACTUAL ALLEGATIONS**

10. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. FINANCIAL RECOVERY collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

12. FINANCIAL RECOVERY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Sometime prior to February 11, 2020, Plaintiff allegedly incurred a financial obligation to WEBBANK ("WEBBANK").

14. WEBBANK is a "creditor" as defined by 15. U.S.C. § 1692a(4).

15. The alleged WEBBANK obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

16. Plaintiff incurred the WEBBANK obligation by purchasing goods and services which were primarily for personal, family and household purposes.

17. Plaintiff did not incur the WEBBANK obligation for business purposes.

18. On or before February 11, 2020, WEBBANK referred the WEBBANK obligation to FINANCIAL RECOVERY for the purpose of collections.

19. At the time the WEBBANK obligation was assigned, placed, or transferred to FINANCIAL RECOVERY such obligation was in default.

20. FINANCIAL RECOVERY caused to be delivered to Plaintiff a letter dated February 11, 2020 concerning the alleged WEBBANK obligation, which sought a balance of

$579.88. A copy of said letter is annexed hereto as **Exhibit A**, is fully incorporated herein by reference except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

21. The February 11, 2020 letter was sent or caused to be sent by persons employed by FINANCIAL RECOVERY as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. The February 11, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The February 11, 2020 letter provides the following information regarding the balance claimed due on the WEBBANK obligation:

Balance:    $579.88

24. The February 11, 2020 letter offered Plaintiff settlement terms on the WEBBANK obligation.

25. The February 11, 2020 letter offered 3 settlements:

- One Lump Sum Payment of $347.93 (savings of $231.95)
- 2 Monthly Installments of $195.71 (savings of $188.46)
- 3 Monthly Installments of $144.97 (savings of $144.97)

26. The February 11, 2020 letter also stated that:

- Resolution of your account for less than the full balance may have tax consequences.

27. The reporting requirements concerning the cancellation of debt are contained at 26 C.F.R. §1.6050P-1 et seq.

28. There are seven exceptions to the reporting requirements contained at 26 C.F.R. §1.6050P-1 et seq.:

(1) Certain bankruptcy discharges -

(2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.

(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is into required to be reported under this section. For this purpose, a lending transaction is any transaction in which the lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

(4) Indebtedness of foreign debtors held by foreign branches of U.S. financial institutions –

(5) Acquisition of indebtedness by related party.

(6) Releases. The release of a co-obligor is not required to be reported under this section if the remaining debtors remain liable for the full amount of any unpaid indebtedness.

(7) Guarantors and sureties.

See 26 C.F.R. §1.6050P-1(d).

29. The February 11, 2020 letter fails to communicate that there are other exceptions that affect whether cancellation of debt is reportable.

30. The February 11, 2020 letter's use of the word "may" fails to communicate that there are other exceptions that affect whether cancellation of debt is reportable.

31. It is wholly conceivable to forgive $600 or more of the debt and yet not report balances forgiven on a Form 1099-C.

32. In addition, it is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would not be considered as income.

33. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.

34. The language contained in the February 11, 2020 letter could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that the creditor, in all circumstances, must report forgiveness of debt on a Form 1099-C.

35. The language contained in the February 11, 2020 letter could be reasonably read to mean that the creditor will always report forgiveness of debt.

36. The least sophisticated consumer would understand the language contained in the February 11, 2020 letter to mean that the creditor is required by IRS regulations to report forgiveness of debt on a Form 1099-C.

37. Although the Defendant had no duty to disclose any potential tax ramifications, when it chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

38. Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was less than $600.

39. The least sophisticated consumer could understand the language in the February 11, 2020 letter to mean that certain amounts of discharged debt, irrespective of the type of the debt, will necessarily be reported to the IRS.

40. Alternatively, the least sophisticated consumer could understand that he may have to pay a certain amount in order to avoid IRS reporting.

41.     The least sophisticated consumer could also read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.

42.     The language in the February 11, 2020 letter is ambiguous, vague and deceptive.

43.     A consumer reading the language in the February 11, 2020 letter will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because according to IRS regulations, the creditor "will not" be required to report to the IRS, forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness, if the amount contained interest.

44.     The creditor should also specify what amount of the total alleged to be due is principal and what part of it is interest. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

45.     The language contained in the February 11, 2020 letter is an attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.

46. The language contained in the February 11, 2020 letter suggests to the least sophisticated consumer that paying less than the total amount claimed will cause consequences with the IRS.

## POLICIES AND PRACTICES COMPLAINED OF

47. It is FINANCIAL RECOVERY's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b)    Using unfair or unconscionable means to collect or attempt to collect any debt.

48. On information and belief, FINANCIAL RECOVERY has sent written communications, in the form annexed hereto as Exhibit A to at least 50 natural persons in Pennsylvania.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

50. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from FINANCIAL RECOVERY, which included the alleged

conduct and practices described herein. The Class period begins one year to the filing of this Action.

The class definition may be subsequently modified or refined.

51. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

    b. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether Defendant violated various provisions of the FDCPA;

        ii. Whether Plaintiff and the Class have been injured by Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if

        so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

c. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

e. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

f. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is

      allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

g. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

52. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

53. Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

54. Defendant's February 11, 2020 letter would lead the least sophisticated consumer to believe that Defendant included language regarding tax consequences because it was relevant.

55. Defendant's February 11, 2020 letter would lead the least sophisticated consumer to believe that he or she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more.

56. Defendant's February 11, 2020 letter would lead the least sophisticated consumer to believe that it was in his or her interest to make a payment on the alleged obligation that brought the total balance below the $600 threshold so as to avoid IRS reporting, and any tax consequences or expenses to obtain tax advice.

57. Defendant's letter was designed to cause the least sophisticated consumer to believe that it was in his or her best interest to make a payment or settle their debts so that there was less than a $600 balance remaining.

58. Defendant's collection letters were designed to cause the least sophisticated consumer to be confused.

59. Defendant's collection letters and/or notices would cause the least sophisticated consumer to be confused as to his or her rights.

60. The content of Defendant's letter was designed to cause the least sophisticated consumer to be confused as to the consequences of settling the debt.

61. The February 11, 2020 letter fails to communicate that there are other exceptions beyond the $600 threshold amount that affect whether cancellation of debt is reportable thereby leading the lease sophisticated consumer to believe that there will be tax consequences for settling a debt for less than the total amount due.

62. The February 11, 2020 letter's use of the word "may" does not remove from the realm of possibility that the least sophisticated consumer would be deceived into thinking that the Defendant must or will report certain settlement amounts to the IRS, even when it does not intend to, or would not be required to, under the relevant statute(s) and regulation(s).

63. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

64. Due to the lack of specificity in Defendant's February 11, 2020 letter, Plaintiff and others similarly situated are led to believe that the action he or she takes with respect to the debt will trigger tax consequences or reporting requirements.

65. FINANCIAL RECOVERY engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e and 1692e(10).

66. FINANCIAL RECOVERY engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

67. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

68. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

69. Plaintiff's settlement of the alleged debt, and Defendant's cancellation thereof, may not have been reportable under the relevant exceptions.

70. As there may not have been a reportable event under the settlement terms, Defendant's statement was false, misleading and/or deceptive.

71. The false, deceptive or misleading representations in Defendant's February 11, 2020 letter enticed Plaintiff and others similarly to make a payment on the alleged obligation that brought the total balance below the $600 threshold so as to avoid IRS reporting, and any tax consequences or expenses to obtain tax advice.

72. The inclusion of the language in the collection letter is a false, deceptive or misleading representation in violation of 15 U.S.C. § 1692e.  See, Balon v. Enhanced Recovery Co. 2016 U.S. Dist. LEXIS 72142 (M.D. Pa. June 2, 2016); Velez v. Enhanced Recovery Company, LLC, 2016 U.S. Dist. Lexis 57832 (E.D. Pa. May 2, 2016) and Good v. Nationwide Credit, Inc., 2014 U.S. Dist. Lexis 152006 (E.D. Pa 2014).

73. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

74. The inclusion of the language in the collection letter is the use of a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

75. Defendants' conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

76. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

77. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

78. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

79. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

80. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

81. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

82. Defendant's gratuitous IRS "advice" in its February 11, 2020 letter has the likelihood to affect the Plaintiff and others similarly situated.

83. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

84. Plaintiff has suffered damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

  (b)  Awarding Plaintiff and the Class statutory damages;

  (c)  Pre-judgment interest;

  (d)  Post judgment interest; and

  (e)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (f)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: June 5, 2020

            *s/ Robert P. Cocco*
            Robert P. Cocco, Esq.
            Law Offices of Robert P. Cocco, P.C.
            1500 Walnut Street, Suite 900
            Philadelphia, Pennsylvania 19102
            (215) 351-0200 telephone
            (215) 261-6055 facsimile

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable.

            *s/ Robert P. Cocco*
            Robert P. Cocco, Esq.

# EXHIBIT A




FRS041-0211-1328920032-04720-4720

DEPT 813    1666658620022
PO BOX 4115
CONCORD CA  94524

**FINANCIAL RECOVERY SERVICES, INC.**
P.O. Box 385908
Minneapolis, MN  55438-5908
1-844-319-2414

RETURN SERVICE REQUESTED

February 11, 2020

STACY WORMACK
113 N 51ST ST
PHILA PA 19139-2702

CURRENT CREDITOR: WEBBANK
ORIGINAL CREDITOR: WEBBANK
REGARDING: FINGERHUT
ACCOUNT NUMBER: XXXXXXXXXXXX6104
CHARGE-OFF DATE: 10/22/19

TOTAL BALANCE DUE: 579.88
FRS FILE NUMBER: UUR906
ON-LINE PIN NUMBER: 19304446
(Used to access and view your file on WWW.FIN-REC.COM)

******Tax Season Resolution Reduction Offer******

If you pay $579.88, the above-referenced account will be considered paid in full. However, we are authorized to resolve the above listed account(s) at a substantial reduction to you!!!!!!!!

To make this easier for you to resolve during this tax season, we are authorized to offer you the following options listed below:

1.  (  ) Our office will allow you to resolve your account for 60.00% of the above referenced balance for a total 1 time lump sum payment of $347.93. We request this payment within 35 days after receipt of this letter. If you need additional time to respond to this offer, please contact us. Upon receipt and clearance of the payment of $347.93, this account will be considered resolved in full for less than the full balance. We are not obligated to renew this offer. ; or

2.  (  ) Our office will allow you to resolve your account for 67.50% of the above referenced balance for a total payment of $391.42. You can pay this in <u>2 payments</u> and we request the first payment within 35 days after receipt of this letter and the payments can be no more than 30 days apart. If you need additional time to respond to this offer, please contact us. Upon receipt and clearance of these two payments of $195.71, this account will be considered resolved in full for less than the full balance. We are not obligated to renew this offer. ; or

3.  (  ) Our office will allow you to resolve your account for 75.00% of the above referenced balance for a total payment of $434.91. You can pay this in <u>3 payments</u> and we request the first payment within 35 days after receipt of this letter and the payments can be no more than 30 days apart. If you need additional time to respond to this offer, please contact us. Upon receipt and clearance of these three payments of $144.97, this account will be considered resolved in full for less than the full balance. We are not obligated to renew this offer.

Resolution of your account for less than the full balance may have tax consequences. FRS is not a law firm and FRS will not initiate any legal proceedings or provide you with any legal advice. The offers of resolution in this letter are merely offers to resolve your account for less than the balance due.

For assistance, please feel free to call us at the toll free number listed below or use our on-line consumer help desk. FRS now accepts some forms of payment on-line at www.fin-rec.com. See your on-line access PIN above. If you are sending your payment by overnight delivery, please use the following address: 4510 W. 77th St., Suite 200, Edina, MN 55435.

Sincerely,
WADE DAVIS
Account Manager
Toll Free: 1-844-319-2414

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.
**See reverse side for important information.**

Office hours are: Monday-Thursday, 7am to 8pm CST; Friday 7am to 5pm CST; Saturday 7am to noon CST.

---

**Detach Coupon And Mail Payment**

| FRS File #: UUR906 | FRS File #: UUR906 | FRS File #: UUR906 |
|---|---|---|
| 1-844-319-2414 | 1-844-319-2414 | 1-844-319-2414 |
| Balance due as of February 11, 2020: $579.88 | Balance due as of February 11, 2020: $579.88 | Balance due as of February 11, 2020: $579.88 |
| Amount enclosed:_____ | Amount enclosed:_____ | Amount enclosed:_____ |
| Home phone:_____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc.<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908<br>Letter Code Sent: 041 | Financial Recovery Services, Inc.<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908<br>Letter Code Sent: 041 | Financial Recovery Services, Inc.<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908<br>Letter Code Sent: 041 |